# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

CHRIS KING,

    Plaintiff,

v.

HARCO INSURANCE SERVICES, INC., a foreign corporation, a/k/a Harco National Insurance Co.; TRANSGUARD GENERAL AGENCY, INC., a foreign corporation,

    Defendants.

Case No. 2:17-cv-02011-APG-VCF

**ORDER DENYING ENTRY OF DEFAULT**

(ECF No. 7)

    Plaintiff Chris King applies for entry of default against defendants Harco Insurance Services, Inc. and Transguard General Agency, Inc. ECF No. 7. Attached to his application are proofs of service showing that both entities were served through the Nevada Secretary of State's office.

    Nevada Rule of Civil Procedure 4(d)(1) provides that "[i]f the suit is against an entity . . . registered to do business in this state, [then service shall be made by delivering a copy of the summons and complaint] to the registered agent thereof . . . ." The Nevada Secretary of State's online service shows that Transguard is a foreign corporation registered to do business in Nevada, and that it has designated CSC Services of Nevada, Inc. as its Registered Agent. Because King did not serve the summons and complaint upon Transguard as required under Nevada Rule 4(d)(1), service was improper and King is not entitled to default against Transguard.

    Nevada Rule of Civil Procedure 4(d)(2) provides that "[i]f the suit is against an unregistered foreign entity or association that has an officer, general partner, member, manager, trustee or director within this state, to such officer, general partner, member, manager, trustee or director or, if none, then service on such unregistered entity or association may be made by delivery to the secretary of state or the deputy secretary of state, in the manner and after affidavit

as provided in subsection (d)(1) of this rule or otherwise as provided by law." Harco is not registered in Nevada and apparently has no officers or directors in Nevada. Thus, it can be served through the Nevada Secretary of State. However, King has not followed all of the procedures listed in Rule 4(d)(1), as required by Rule 4(d)(2).[1] Thus, King is not entitled to default against Harco.

IT IS THEREFORE ORDERED that King's application for entry of default **(ECF No. 7)** **is DENIED.**

Dated: August 28, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, Rule 4(d)(1) ("[P]rovided, however, that before such service shall be authorized, plaintiff shall make or cause to be made and filed in such cause an affidavit setting forth the facts showing that personal service on or notice to the entity . . . cannot be had in the manner provided in this subsection within the state; and provided further, that if it shall appear from such affidavit that there is a last known address of a known officer, general partner, member, manager, trustee or director of said entity or association outside the state, plaintiff shall, in addition to and after such service upon the secretary of state and posting, mail or cause to be mailed to such known officer, general partner, member, manager, trustee or director at such address by registered or certified mail, a copy of the summons and a copy of the complaint . . . .").